NATIONAL LIQUOR COMPANY, INC., Petitioner and Appellee, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Respondent and Appellant.

No. 7247. Argued February 3, 1936.—Decided February 14, 1936.

*B. Fernández García, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for appellant. *Dubón & Ochoteco* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Under its police power to regulate the liquor traffic in Puerto Rico, the Legislature approved on July 30, 1935, Act No. 38 (Special Session of that year, p. 438) to be known as: ''Excise Tax Law in Regard to Alcohol and Alcoholic Beverages of Puerto Rico.''

The appellee company was a rectifier of alcoholic spirits. It had made a contract for the purchase of alcohol from

certain distillers. The Treasurer insisted that the delivery of the alcoholic spirits to the purchaser should not be made unless a bond was first given. If the Treasurer was right in the position assumed by him, the plaintiff, the rectifier, could not take free possession of the liquor without being subjected to certain penalties under the act. The plaintiff, being advised that it had a right to the delivery of these alcoholic spirits without giving such a bond, came into court and asked for an injunction to prevent the Treasurer from insisting on the giving of a bond. After various incidents and orders the court heard an application for a preliminary injunction and granted the same. The Treasurer appealed. This is a motion to dismiss the appeal as frivolous.

 The principal matter before us is the interpretation of the following sections of the act:

"Section 17.—The tax shall be due on alcoholic spirits as soon as they are separated in either a pure or impure state, through the distillation or other procedure of evaporation of any substance, whether fermented or not; but payment shall be made before said alcoholic spirits leave the factory, except as otherwise provided in this Act, and in such form as the Treasurer of Puerto Rico may by regulation prescribe; *Provided,* that the Treasurer of Puerto Rico shall permit the delivery of alcohol or rum that was sold to a duly authorized rectifier in Puerto Rico, without the previous payment of the excise tax on its being dispatched by a distillery, but this excise tax shall be paid as soon as the alcohol or the distilled spirits are bottled for sale.

 * * * * * * *

"GENERAL PROVISIONS.

"Duties of the Taxpayer.

"Section 25.—The taxes shall be uniform and general both for the article produced outside and brought into Puerto Rico and for that manufactured or produced in Puerto Rico, and they shall be collected by the Treasurer in accordance with the provisions of this Act; but in regard to the article manufactured or produced in Puerto Rico, payment shall be made before the alcohol, distilled spirits, or alcoholic or fermented beverages leave the factory, and in regard

to the articles produced outside and brought into Puerto Rico, payment shall be made before they are removed from the custody of the customhouse, mail, express, dock, or any other public or private carrier that brought them to Puerto Rico.''

There is another section of the act which gives the Treasurer general authority to promulgate rules for the collection of the taxes imposed by the act. Under this section the Treasurer has formulated the following rule:

''The taxes shall be paid before the products already mentioned leave the distillery, or the factory, or are removed from the custody of the customhouse, mail, express, dock, or any other public or private carrier; *Provided, however,* a distiller shall be allowed to deliver alcohol or rum sold to a rectifier or manufacturer upon a permit authorized by the Treasurer, without first paying the excise duties which shall be paid by said rectifier or manufacturer as soon as said product is bottled for sale, on condition that the said rectifier or manufacturer shall give an additional bond to that established by section 30 of the Act.''

He contends that thereunder the only way in which this plaintiff could take possession of the liquor would be by giving a bond.

There is a principle of statutory interpretation that a specific provision or exception made by an act will override certain general provisions. We think that the intention of section 17, *supra,* is clear. As we read it, we think it was the express intention of the Legislature that the tax on distilled liquors which were to pass into the hands of rectifiers duly authorized in Puerto Rico should only be paid when said alcoholic spirits, having been rectified, should be bottled, and the Treasurer would have no right to place on the rectifiers an additional duty of giving a bond.

The Treasurer contends that the words ''*Provided,* that the Treasurer of Puerto Rico shall permit the delivery of alcohol or rum that was sold to a duly authorized rectifier in Puerto Rico, without . . .''' (see section 17, *supra*) are optative or, in other words, that he has a discretion to act even

against the rectifiers. He does not deny that the future tense may frequently be employed in an imperative sense, but he maintains that the whole act gives a different color to the future tense as used.

A mere glance at the provision gives us the opposite idea and this viewpoint is strengthened by reference to other parts of the act where when the idea was to give a discretion, a different phraseology was used, e.g., ''The Treasurer may revoke . . .'' sec. 9; ''The Treasurer of Puerto Rico is empowered to reduce, in his discretion . . .'' sec. 19; ''The Treasurer of Puerto Rico shall be authorized to permit in his discretion . . .'' sec. 24

We find no reason in the act that would justify the Treasurer in section 17 in requiring the appellee to give a bond and the appeal should be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.